**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-6137**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HERMAN LEE TATE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00125-RLV-9; 5:12-cv-00129-RLV)

Submitted: May 23, 2013          Decided: May 29, 2013

Before MOTZ and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

Herman Lee Tate, Appellant Pro Se. Kimlani M. Ford, Assistant United States Attorney Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herman Lee Tate seeks to appeal the district court's order denying relief on his unauthorized, successive 28 U.S.C.A. § 2255 (West Supp. 2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85. We have independently reviewed the record and conclude that Tate has not made the requisite showing.

Tate alternatively asked the district court to grant him relief via a writ of error coram nobis. Such a writ may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is

2

available.  United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).  The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions.  Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.  Therefore, because Tate is still in custody, he cannot obtain relief pursuant to a writ of coram nobis.  To the extent Tate appeals the district court's denial of coram nobis relief, we affirm this disposition.

Accordingly, we deny a certificate of appealability, dismiss the appeal in part, and affirm in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART,
AFFIRMED IN PART